```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

SARA M. HENRY,

        Plaintiff,
vs.                              CASE NO.: 8:10-cv-2105-T-33MAP

K-MART CORPORATION,

        Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Henry's Motion for Leave to File Amended Complaint (Doc. # 4), which was filed in state court on August 27, 2010, and filed in this Court, post-removal, on September 21, 2010. K-Mart filed a response to the motion to amend in this Court on October 5, 2010. (Doc. # 7). Also before the Court is Henry's Motion to Remand (Doc. # 10), filed on November 5, 2010, and K-Mart's response in opposition (Doc. # 11), filed on November 19, 2010. For the reasons that follow, the motion to amend and motion to remand are denied.

**I.    Background**

Henry initiated this negligence action against K-Mart in state court on June 25, 2010, alleging in her one count complaint that she was injured in a K-Mart store due to a slip and fall accident that occurred on July 11, 2008. (Doc.

1

# 2).  Her complaint alleges, among other things, "This is an action for damages that exceeds the sum of $15,000.00." (Doc. # 2 at ¶ 1).

On July 27, 2010, for purposes of establishing amount in controversy for removal to federal court, K-Mart served a request for production upon Henry, asking her to "admit that you are seeking damages in excess of $75,000, exclusive of interest and costs." (Doc. # 1-4 at 79).  On August 25, 2010, she filed a bare bones motion to amend the complaint. Therein, Henry indicates that she "has determined that an additional party [Dan Gentile, K-Mart store manager] may be liable for all or a part of the Plaintiff's damages and requires the filing of an Amended Complaint to include that additional party." (Doc. # 4).  Henry's motion to amend contains no further analysis or citation to relevant authorities.[1]

On September 14, 2010, Henry provided her untimely responses to K-Mart's interrogatories.  Therein, she indicated that her medical expenses exceeded $75,000.00 (Doc.

---

[1] Henry was given an opportunity to supplement the motion to amend pursuant to Local Rule 4.02(c), which states, "When a case is removed to this court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fourteen (14) days after the removal."  Henry did not take advantage of this opportunity.

# 1-2). Accordingly, on September 21, 2010, before the state court had an opportunity to issue a ruling on Henry's motion to amend, K-Mart removed the case to this Court. (Doc. # 1). In the notice of removal, K-Mart indicates that the parties are completely diverse, as Henry is a resident of Florida, and K-Mart is a Michigan corporation. (Id. at 2). Also, K-Mart asserts in the notice of removal that Henry has admitted that she has incurred at least $78,856.64 in medical expenses. (Id. at 3).

**II.  Motion to Amend**

Henry seeks to amend her complaint to add a non-diverse party, the manager of the K-Mart store in which Henry was injured.  K-Mart filed a lengthy memorandum in opposition to the motion to amend arguing that the motion to amend was filed on the eve of removal in an effort to avoid litigation in federal court.  After carefully reviewing the parties' submissions, the Court agrees with K-Mart that the motion to amend should be denied.

When a plaintiff seeks to join a non-diverse defendant after a case has been removed, the analysis begins with 28 U.S.C. § 1447(e), rather than the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure. Ingram v.

CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998).[2] This Court has discretion concerning the disposition of the amendment motion: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).

Section 1447(e) requires an evaluation of the following factors when considering a request to add a non-diverse defendant: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The Court must balance these four factors and exercise its discretion in deciding whether or not to allow the joinder of a non-diverse defendant that will require remand of this case. Henry has not addressed any of

---

[2] The Court notes that the motion to amend was initially filed in state court before removal. However, the Court is still inclined to examine the motion to amend under Section 1447(e) because (1) the motion was filed in this court after removal and (2) an order granting the motion to amend would divest the Court of diversity jurisdiction.

4

these factors in her motion to amend; however, K-Mart has.

The timing and circumstances surrounding Henry's filing of her motion to amend strongly suggest that the purpose of the requested amendment is to defeat federal diversity jurisdiction. Henry did not seek to amend her complaint until she was served with a discovery request concerning her damages. Such discovery request, inquiring whether her damages exceeded $75,000, was an obvious indication that K-Mart intended to remove the case, if possible. Henry filed her motion to amend and thereafter tendered to K-Mart her untimely interrogatory responses indicating that her medical expenses exceeded $75,000. These circumstances cause the Court to believe that Henry filed her request to amend the complaint in an effort to defeat diversity jurisdiction, and Henry has failed to argue otherwise.

In addition, the Court determines that Henry has been dilatory in her request to amend the complaint. There appears to be no valid reason for Henry's failure to add K-Mart's store manager as a defendant at the commencement of this suit. Henry had nearly two years between her accident and filing suit to investigate what parties should be included in the action, and ultimately chose to name K-Mart as the only defendant. After Henry filed her complaint in

state court, she opted not to serve K-Mart with discovery regarding K-Mart employees at the time of the accident. As explained by K-Mart, "This reveals that [Henry] had at her disposal the same information regarding Mr. Gentile's identity . . . at the time she filed suit as she did two months later when she decided to amend." (Doc. # 7 at 6).

Moreover, the Court determines that Henry will not be unduly prejudice by the denial of the motion to amend because she may pursue her claims against Gentile in state court. The Court further finds no factors, equitable or otherwise, that outweigh the factors cited herein, which weigh in favor of denial of the motion to amend.

Thus, the Court determines that it is appropriate to deny Henry's motion to amend the complaint to join a non-diverse defendant. The Court will next address Henry's motion to remand regarding the amount in controversy.

### III. **Motion to Remand**

Henry seeks an order of remand and asserts that the amount in controversy does not actually exceed $75,000 because a majority of the medical bills have already been paid by her insurance company. Relying on Henry's interrogatory responses, K-Mart counters that the amount in controversy has been met because the Court judges the amount

6

in controversy at the time of removal. While K-Mart concedes that Henry's damages may be subject to a set off, K-Mart asserts that the amount in controversy requirement has currently been met. K-Mart also asks the Court to take into account the fact that Henry's injuries are likely to continue into the future.

### A. Legal Standard

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. Section 1441(a). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Id. In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat. Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendants right to remove. Burns v.

Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998). If the plaintiff claims damages beneath this threshold, the defendant must prove to a legal certainty that the amount in controversy actually exceeds $75,000. Id. at 1356-1357.

If the plaintiff does not specify damages, a lower burden of proof applies. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) (overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000)). In such a case, the preponderance of the evidence standard applies. Id. at 1356-57.

An action that is not removable based upon the initial pleadings may become removable on the basis of a copy of an amended pleading, motion, order or other paper. Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. Section 1446(b)). The defendant must file a

8

notice of removal within thirty days of receiving such a document supporting removal, and the court must determine whether the document and notice clearly establish jurisdiction. Id. at 1213.

**B. Analysis**

Henry asserts that removal to federal court is improper because the amount in controversy requirement has not been met. Henry agrees that her "total medical bills" are $78,856.64, but contends that "the balance owed to the medical providers is only $15,472 after payments and adjustments for health insurance." (Doc. # 10 at 6). Because the complaint indicates, "this is an action for damages that exceeds the sum of $15,000." (Doc. # 2 at ¶ 1), K-Mart must prove by a preponderance of the evidence that the potential damages in this case exceed $75,000. Lowery, 483 F.3d at 1208. Henry agrees that the preponderance of the evidence standard applies. (Doc. # 10 at 8).

K-Mart asserts two arguments concerning the amount in controversy requirement: (1) Henry's medical bills, which K-Mart received prior to filing its notice of removal, total $78,856.64, and (2) Henry alleges that her injuries are permanent and she will thus seek recovery of future medical expenses and significant pain and suffering damages.

9

For the reasons below, the Court is persuaded by K-Mart's arguments, and finds that Henry's medical expenses do establish the required amount in controversy.

"[A]ny set-off to which [a party] may be entitled is irrelevant at the jurisdictional stage, as the Court must look at the amount in controversy at the time of removal." Black v. State Farm Mut. Auto Ins. Co., Case No. 10-cv-80996-Cohn/Seltzer, 2010 U.S. Dist. LEXIS 120023, at *8 (S.D. Fla. Oct. 22, 2010).

Furthermore, a plaintiff cannot defeat subject matter jurisdiction by reducing his or her claim after removal has taken place. See Freeport-McMoran, Inc., v. KN Energy, Inc., 498 U.S. 426, 428 (1991) (noting the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1289-1290 (11th Cir. 2000). It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages. See Stramiello v. Petsmart, Inc., Case No. 8:10-cv-659-T-33TGW, 2010 U.S. Dist. LEXIS 59119, at *12 (M.D. Fla. May 26, 2010)(finding set-off for insurance reimbursement of medical expenses after a slip and

fall accident did not defeat amount in controversy for removal).[3]

Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K-Mart has met its burden in establishing the required amount in controversy for federal subject matter jurisdiction.[4] Therefore, the Court denies the motion to remand.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Henry's Motion for Leave to File Amended Complaint (Doc. # 4) is **DENIED.**

(2) Henry's Motion to Remand (Doc. # 10) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[3] It is also noteworthy that Henry has not offered case law supporting her assertion that a future set off should reduce the amount in controversy at the outset of litigation.

[4] Because the jurisdictional amount in controversy has been met with Henry's medical expenses, further discussion of any future injuries or damages pursuant to K-Mart's second argument is not necessary.

Copies:
All Counsel of Record